**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOUGLAS EDWARD BRUCE,

Petitioner-Appellant,

v.

HONORABLE RAYMOND SATTER,
County Court Judge [*]; ARISTEDES
ZAVARAS, Denver County Sheriff [**];
ATTORNEY GENERAL FOR THE
STATE OF COLORADO, [***]

Respondents-Appellees.

No. 00-1230
(D.C. No. 97-B-1774)
(D. Colo.)

**ORDER AND JUDGMENT** [****]

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

[*]      By agreement of the parties, Honorable Raymond Satter is substituted for defendant Celeste C. de Baca.

[**]      By agreement of the parties, Aristedes Zavaras is substituted for defendant Fidel Montoya.

[***]      The parties agree that the Attorney General for the State of Colorado was named inadvertently in this suit and should be dismissed.

[****]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Background

Petitioner Douglas Bruce was convicted in the County Court of the City and County of Denver of maintaining an unsafe building in violation of section 112(A)(6) of the Denver Building Code.  At the conclusion of the trial, the judge cited petitioner twice for contempt of court for violating court orders excluding certain evidence and precluding jury nullification arguments during trial.  On August 3, 1995, the trial court sentenced petitioner to serve thirty days in jail and to pay $523.00 in fines and court costs on the building code violation.  The court suspended the jail sentence on the condition that petitioner receive no similar violations for one year, and stayed the sentence until August 21, 1995.  The court sentenced petitioner to fifteen days in jail on the contempt charges.  Petitioner served seven days of his sentence for contempt before obtaining a stay of execution of this sentence from the state court.

On August 4, 1995, petitioner brought a habeas petition under 28 U.S.C. § 2254 and a motion for stay in federal court.  The stay was denied and the habeas petition was denied without prejudice pending exhaustion of state court remedies.

On August 11, 1997, the Colorado Supreme Court denied petitioner's petition for writ of certiorari and, on August 14, 1997, the state court ordered petitioner to appear on August 26, 1997, to be remanded into custody.     See R., doc. 5, at 1. Also on August 14, 1997, petitioner filed this petition for habeas corpus, requesting an immediate stay of execution of sentence.     Id., doc. 1.  On August 15, 1997, the district court granted a stay pending further order of the court.  Id., doc. 2.  Respondents responded to the petition and moved to dismiss.

The district court considered the petition in light of the standard set out in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  The court granted respondents' motion to dismiss with respect to petitioner's building code violation on the basis that petitioner was no longer in custody on that conviction because his sentence had expired.  The court denied the rest of petitioner's claims on the merits.  After the court entered its order, respondents filed a motion to lift the stay of execution of sentence on the contempt charges, which was denied because it would effectively moot petitioner's appeal.     Id., doc. 22.

<u>Standards of Review</u>

Petitioner, representing himself, appeals from the denial of his petition for habeas relief. [1] To proceed on appeal, petitioner must first secure a certificate of appealability (COA). <u>See</u> 28 U.S.C. § 2253(c)(1). The district court denied petitioner's application for a COA and petitioner has therefore filed a request for a COA with this court. Respondents have filed a brief in opposition to petitioner's application for a COA. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> § 2253(c)(2). To make that showing, petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotation omitted).

---

[1] Respondents argue that because petitioner was formerly a licensed attorney, he is not entitled to the liberal construction of his pleadings afforded pro se petitioners under <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam). We need not decide whether this benefit should be withheld from a pro se party who is trained as an attorney, as petitioner's claims of error fail under AEDPA's high standards even when his pleadings are liberally construed.

This court recently reiterated the revised standards of review set forth

in 28 U.S.C. § 2254(d)(1):

> The Supreme Court . . . elucidated the opaque language of
> § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, [402-13] (2000)
> (opinion of O'Connor, J.). Speaking for a majority of the Court in
> her separate concurring opinion, Justice O'Connor noted the AEDPA
> allows a federal court to grant habeas relief under § 2254(d)(1) only
> if the relevant state-court decision was either "contrary to" or "an
> unreasonable application of" established Supreme Court precedent.
> See id. at [404-05]. As for § 2254(d)(1)'s "contrary to" clause,
> Justice O'Connor noted that a state-court decision would be contrary
> to the Court's clearly established precedent in two circumstances:
> (1) "the state court applies a rule that contradicts the governing law
> set forth in [the Court's] cases"; or (2) "the state court confronts a
> set of facts that are materially indistinguishable from a decision of
> [the] Court and nevertheless arrives at a result different from" the
> result reached by the Supreme Court. Id. at [405, 406]. Under the
> "unreasonable application" clause, on the other hand, a federal
> habeas court may grant the writ only if "the state court identifies the
> correct governing legal principle from [the] Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's
> case." Id. at [413]. To be clear, "[u]nder § 2254(d)(1)'s
> 'unreasonable application' clause . . ., a federal habeas court may not
> issue the writ simply because that court concludes in its independent
> judgment that the relevant state-court decision applied clearly
> established federal law erroneously or incorrectly. Rather, that
> application must also be unreasonable." Id. at [411].

Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000). To the extent that

the state court has not addressed the merits of a claim and "the federal district

court made its own determination in the first instance," this court reviews

"the district court's conclusions of law de novo and its findings of fact, if any,

for clear error." LaFevers v. Gibson, 182 F.3d 705, 711 (10th Cir. 1999).

<u>Issues on Appeal</u>

Contrary to petitioner's protestations, his pleadings are not clear. To the extent that we can make out his arguments on appeal, they are: (1) the district court should have held a hearing on the petition, because the court did not allow petitioner to file an expanded petition form to fully set out his claims, failed to inform petitioner that he should attach relevant documents to his petition, and improperly required petitioner to meet his burden of proof in his written pleadings; (2) the district court improperly denied review of the building code violation on the incorrect finding that there was no operable stay of execution of sentence and petitioner's sentence had expired by passage of time; (3) the state court's contempt citations were substantively and procedurally illegal and false because he did not violate a specific, clear, and lawful order, and the hearing was improperly delayed until three weeks after the findings of contempt; (4) the district court improperly denied petitioner any chance to prove that his three motions to disqualify the trial judge and his other pretrial motions were wrongfully rejected; (5) the building code section petitioner was convicted of violating is unconstitutional and the citation was defective because it did not inform petitioner what the violation was; (6) petitioner was denied his right to a state court record in this case because the state trial judge relied on rulings made in an earlier state case, for which no record exists; (7) the prosecutor

-6-

suborned perjury by leading his witness to say there were no later citations of petitioner when he was present at the later citation, by suppressing exonerating material not furnished during discovery, and by offering to dismiss the charge if petitioner would sell him the building for one dollar; (8) the entry by officials into petitioner's empty building violated the Fourth Amendment, the evidence discovered during this search should be suppressed, and the building code violation based on that evidence cannot stand; (9) the district court should have issued a COA; (10) the district court mistreated the jury by failing to make a complete record of the proceedings, by rushing the trial, and by coercing the jurors; (11) the prosecution's chief witness was under the influence of drugs; (12) the Building Department did not treat petitioner's building as unsafe; (13) the trial court ignored petitioner's complaint during voir dire that he could not hear and cut off petitioner's voir dire; (14) the trial judge forced petitioner into an early trial for which he was not prepared; (15) the district court's failure to hold a hearing violated petitioner's right to Due Process.

Analysis

The district court dismissed petitioner's claims relating to the building code violation on the basis that petitioner had not shown that his sentence on that charge had been stayed and that he was still in custody for purposes of 28 U.S.C. § 2254 at the time his petition was filed. We agree. Although neither the state

courts' orders nor the federal court's orders are completely clear when read individually, our review of the orders identified by the parties persuades us that it is petitioner's sentence on the contempt charges that remained stayed. See, e.g., R., doc. 22. Petitioner did not demonstrate that his sentence on the building code violation had not expired, and we reject his arguments related to the building code violation for substantially the same reasons as set forth by the district court in its order.

The district court thoroughly addressed the merits of petitioner's arguments relating to the contempt citations, his motions to disqualify the trial judge, his other pretrial motions, and his request for a hearing in the district court. R., doc. 17, at 13-19, 19-23, 23-24, 25-26. On these matters, we are unpersuaded by petitioner's conclusory allegations of error, and deny a COA for substantially the same reasons as those set forth by the district court in its order. To the extent petitioner is attempting to raise new arguments on appeal related to any of these issues, we need not address them. Singleton v. Wulff, 428 U.S. 106, 120 (1976).

Petitioner's remaining arguments are deemed waived. First, petitioner fails to point out where these issues were raised in the district court, as required by 10th Cir. R. 28.2(C)(2). Moreover, even if the issues were raised in the district court and preserved for appeal, petitioner fails to make reasoned arguments supported by citation to legal authorities, as required by Fed. R. App. P. 28(a)(9);

see also Brownlee v. Lear Siegler Mgmt. Servs. Corp., 15 F.3d 976, 977-78 (10th Cir. 1994). In addition, petitioner fails to support his arguments with adequate citation to the district court or state court records. We will not sift through this case's voluminous record to find support for petitioner's arguments. United States v. LaHue, 254 F.3d 900, 924 (10th Cir. 2001) (quotation omitted).

The application for a certificate of appealability (COA) is denied and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge